## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

NINEVEH INVESTMENTS LIMITED )
                                         )
              Plaintiff,                  )   CASE NO:
                                         )
vs.                                      )
                                         )   **JURY DEMANDED**
UNITED STATES OF AMERICA                 )
                                         )
              Defendant.                  )

## COMPLAINT

Plaintiff Nineveh Investments Limited ("Nineveh"), by its undersigned counsel, files this Complaint and alleges as follows:

1.     Plaintiff files this suit for wrongful levy against Defendant United States of America.

2.     Between approximately November 11, 2015, and February 22, 2016, Defendant, acting by and through the Internal Revenue Service, served several notices of levy on Plaintiff's assets, seeking to collect federal income taxes owed by an individual named Gary Kaplan.

3.     The levies sought to collect assets belonging to Plaintiff, not Gary Kaplan.

4.     Because Plaintiff is not a nominee or alter ego of Gary Kaplan, the levies were wrongful.

5.     Plaintiff demands a return of all funds and other property actually seized pursuant to levy, and the withdrawal of all such levies.

## PARTIES, JURISDICTION & VENUE

6.     Plaintiff is a corporation incorporated under the International Business Companies

Act of the Bahamas. Plaintiff maintains its principal place of business in Nassau, Bahamas.

7.     Defendant is the United States of America, acting by and through the Internal Revenue Service ("IRS"). The IRS is a bureau within the U.S. Department of Treasury, an executive agency of the United States.

8.     Subject matter jurisdiction is proper under 28 U.S.C. § 1346(e), because this is an action for wrongful levy under 26 U.S.C. § 7426.

9.     Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1402(c) because, on information and belief, two accounts that were improperly levied by the IRS are maintained at a financial institution which has an office in this district.

## BACKGROUND

### A.     Gary Kaplan's Tax Liability

10.     On information and belief, Gary Kaplan is a U.S. citizen who was a non-resident from approximately 1989 through 2007. As of the summer of 2014, Gary Kaplan became a non-resident.

11.     On information and belief, on or about July 30, 2012, Defendant issued to Gary Kaplan a Letter 894, 90-day letter, for tax years 2004 and 2005.

12.     After a trial in the Tax Court, tax assessments were affirmed by the U.S. Tax Court and the United States Court of Appeals for the Eighth Circuit.

13.     No tax liability was assessed against Holly Kaplan, Gary Kaplan's ex-wife, in the Letter 894 or the subsequent judicial proceedings in the Tax Court.

14.     On information and belief, at all times relevant to this Complaint, Holly Kaplan filed federal income tax returns using the status "Married Filing Separate."

**B.      The Kaplan Family Trust**

15.      On information and belief, on or about January 16, 2004, Gary Kaplan settled the

Bird Charitable Trust and the Bird Purpose Trust which were subject to the jurisdiction of the

laws of Jersey, one of the Channel Islands.

16.      On information and belief, Gary Kaplan, his spouse, and their children were

discretionary beneficiaries of the two trusts.

17.      On or about March 4, 2010, these two trusts were combined and migrated to the

Bahamas under the name Kaplan Family Trust.

18.      The Kaplan Family Trust is a valid trust under Bahamian law, and has the

following attributes:

        a.      An independent licensed trustee who is adverse and not subordinate to any members of the Kaplan Family; and

        b.      A class of discretionary beneficiaries that was defined to be Gary Kaplan, his spouse, his issue, the International Red Cross and other unnamed organizations recognized under 26 U.S.C. § 501(c)(3).

19.      Under the terms of the trust, no beneficiary is entitled to:

        a.      any mandatory distribution from the Trust;

        b.      any distribution of any amount or percentage of any Trust income or principal, other than as may be determined from time to time by the Trustee in its' discretion;

        c.      any distribution from the Trust, of income or principal, for support or otherwise, other than as may be determined from time to time by the Trustee in its' discretion;

        d.      demand any distribution from the Trust for his or her own benefit or for the benefit of another;

        e.      use Trust assets or to exclude others from such use;

3

        f.     dictate the distribution of any Trust assets upon his or her death; or

        g.    transfer, assign, anticipate, sell, mortgage, or otherwise deal in any way in or with Trust assets or with all or any part of his or her interest as a discretionary beneficiary of the Trust.

20.    In June 2014, the Kaplan Family Trust was amended. Under the terms of the amendment, Holly Kaplan was named as a discretionary beneficiary. It was further requested that the trustees consider making distributions to Holly Kaplan of at least \$20,000 per month and a distribution of roughly 25 percent of the net income of the trust each year (based on a calculation described in the amendment).

21.    The two adult children of Holly Kaplan and Gary Kaplan receive significant distributions from the Kaplan Family Trust.

## C.   Plaintiff's U.S. Accounts and Other Business Interests

22.    In 2010, the trustees of the Kaplan Family Trust established Plaintiff.

23.    At all times relevant to this Complaint, Plaintiff's function is to serve as a holding company for securities and other financial investments owned by the Kaplan Family Trust.

24.    Plaintiff is not a nominee or alter ego of Gary Kaplan.

25.    The Kaplan Family Trust is not a nominee or alter ego of Gary Kaplan.

26.    Plaintiff maintains a bank account in its name at Pictet & Cie ("Pictet") and a second bank account in its name at Edmond de Rothschild SA ("Rothschild").

27.    Pictet and Rothschild are financial institutions located in Switzerland.

28.    Pictet and Rothschild invested certain of Plaintiff's funds in U.S. securities through Brown Brothers Harriman & Co. ("Brown Brothers"), which is a financial institution located in the United States.

4

29.     On information and belief, Pictet is a "qualifying intermediary" under the Internal Revenue Code.  The Pictet bank account at Brown Brothers is, on information and belief, a pooled account held in the name of Pictet which holds U.S. securities for Plaintiff and other unrelated third-parties.

30.     On information and belief, Rothschild maintains a bank account at Brown Brothers in its name.  Plaintiff's funds are held in a sub-account of Rothschild's account at Brown Brothers.

31.     Plaintiff is also a member of Marietta Center LLC and Centennial Village II LLC, which are limited liability companies.

### D.     Levies Directed to Plaintiff's Assets at Brown Brothers

32.     On or about November 10, 2015, Defendant issued at least one Form 668-A, Notice of Levy, addressed to Brown Brothers.  Under the heading "Name and Address of Taxpayer," the levy identified "Gary Kaplan" and provided an address in Saint Louis, Missouri. The Form(s) 668-A sought Plaintiff's assets held at Brown Brothers through Pictet and Rothschild.

33.     On February 17, 2016, Defendant issued a Form 668-A, Notice of Levy, addressed to Brown Brothers.  Under the heading "Name and Address of Taxpayer," the levy identified "Nineveh Investments Ltd as nominee of Gary Kaplan and the Kaplan Family Trust" and provided the same address in Saint Louis, Missouri.

### E.     Other Levies Directed to Plaintiff's Assets

34.     On or about February 17, 2016, Defendant issued a Form 668-A, Notice of Levy,

5

to Marietta Center LLC.  Under the heading "Name and Address of Taxpayer," the levy

identified "The Kaplan Family Trust as nominee of Gary Kaplan" and provided the same address

in Saint Louis, Missouri.

35.     On or about February 17, 2016, Defendant issued a Form 668-A, Notice of Levy,

to Centennial Village II LLC.  Under the heading "Name and Address of Taxpayer," the levy

identified "The Kaplan Family Trust as nominee of Gary Kaplan" and provided the same address

in Saint Louis, Missouri.

**E.     Plaintiff's Administrative Claim for Wrongful Levy**

36.     On or about February 12, 2016, Plaintiff, through counsel, submitted an

administrative claim for wrongful levy to the Internal Revenue Service.  On information and

belief, Defendant was notified of this claim by no later than February 17, 2016.

37.     To date, the Internal Revenue Service has taken no action with respect to

Plaintiff's administrative claim for wrongful levy.

38.     On information and belief, Defendant intends to liquidate Plaintiff's U.S.

securities in the immediate future.

**CLAIM ONE:**
**WRONGFUL LEVY**

39.     Plaintiff reincorporates paragraphs 5 to 33 and 36 to 38 as if fully set forth herein.

40.     Plaintiff's interests in the funds in the levied bank accounts at Brown Brothers are

superior to any interest of Defendant in these assets.

41.     Defendant's levies were therefore wrongful.

42.     The actions of Defendant's employees in issuing levies directed to Plaintiff's

6

assets were negligent, reckless, and intentional.

WHEREFORE, Plaintiff demands that Defendant return its property, with statutory interest, and pay up to $1,000,000 plus Plaintiff's costs on this action.

## JURY DEMAND

Plaintiff demands a jury trial on all issues.

Dated:  March 4, 2016

Respectfully submitted,

BLANK ROME LLP

BY:  _____

Matthew D. Lee
One Logan Square
130 North 18th Street
Philadelphia, PA  19103
Tel:    (215) 569-5352
Fax:    (215) 832-5352
Lee-m@BlankRome.com

*Attorneys for Plaintiff*
*Nineveh Investments Limited*

Of Counsel:

Jed M. Silversmith
(P.A. Bar No. 83964)
BLANK ROME LLP
One Logan Square
Philadelphia, PA 19103
(215) 569-5789
(215) 832-5789
jsilversmith@blankrome.com