IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NINEVEH INVESTMENTS LIMITED, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) <br> _____) | Case No. 2:16-cv-01068-JD |

**THE UNITED STATES' ANSWER TO THE COMPLAINT**

The defendant, the United States of America, answers plaintiff's complaint as follows:

1. The United States denies that the levy at issue was wrongful, but admits the remaining allegations contained in Paragraph 1.

2. The United States admits the allegations contained in Paragraph 2.

3. The United States denies the allegations contained in Paragraph 3.

4. The United States denies the allegations contained in Paragraph 4.

5. The United States denies the allegations contained in Paragraph 5.

6. The United States admits the allegations contained in Paragraph 6.

7. The United States admits the allegations contained in Paragraph 7.

8. The United States admits the allegations contained in Paragraph 8.

9. The United States admits the allegations contained in Paragraph 9.

10. The United States admits that Gary Kaplan is a United States citizen. The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10.

11. The United States admits the allegations contained in Paragraph 11.

12. The United States admits the allegations contained in Paragraph 12.

13. The United States denies that a tax liability is assessed in a Letter 894, because Letter 894 determines an amount of tax and tax is assessed after a Tax Court proceeding. The United States admits that the Tax Court proceedings at issue did not determine a tax liability for Holly Kaplan.

14. Because Holly Kaplan is not a party to this lawsuit, the United States is unable to obtain knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14. *See* 26 U.S.C. § 6103.

15. The United States admits the allegations contained in Paragraph 15.

16. The United States admits that Gary Kaplan, his spouse, and their children were beneficiaries of the Bird Charitable Trust and Bird Purpose Trust, but denies the remaining allegations contained in Paragraph 16.

17. The United States admits the allegations contained in Paragraph 17.

18. The United States admits the Kaplan Family Trust was: (1) formed under Bahamian law; (2) has a licensed trustee or trustees; and (3) names as beneficiaries Gary Kaplan, his spouse, his issue, the International Red Cross and other unnamed organizations recognized under 26 U.S.C. § 501(c)(3). The United States denies the remaining allegations contained in Paragraph 18.

19. The United States admits that the terms of the Kaplan Family Trust set forth the manner in which beneficiaries, solely in their capacity as beneficiaries, may receive distributions from the Trust or use Trust assets, but denies the remaining allegations contained in Paragraph 19.

20. The United States admits the allegations contained in Paragraph 20.

21. The United States admits that, under the terms of the Kaplan Family Trust, the children of Holly and Gary Kaplan receive distributions from the Kaplan Family Trust, but denies the remaining allegations of Paragraph 21.

22. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

23. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23.

24. The United States denies the allegations contained in Paragraph 24.

25. The United States denies the allegations contained in Paragraph 25.

26. The United States admits the allegations contained in Paragraph 26.

27. The United States admits the allegations contained in Paragraph 27.

28. The United States admits the allegations contained in Paragraph 28.

29. The first sentence of Paragraph 29 is a conclusion of law to which no response is necessary; to the extent a response is required, the United States denies the allegations contained in the first sentence of Paragraph 29. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 29.

30. The United States admits the allegations contained in Paragraph 30.

31. The United States admits the allegations contained in Paragraph 31.

32. The United States admits the allegations contained in Paragraph 32.

33. The United States admits the allegations contained in Paragraph 33.

34. The United States admits the allegations contained in Paragraph 34.

35. The United States admits the allegations contained in Paragraph 35.

36. The United States admits the allegations contained in Paragraph 36.

37. The United States admits that it has not denied plaintiff's administrative claim for wrongful levy, but denies the remaining allegations contained in Paragraph 37.

38. The United States denies the allegations contained in Paragraph 38.

39. The United States restates its answers to Paragraphs 1 through 38 as if fully restated herein.

40. The United States denies the allegations contained in Paragraph 40.

41. The United States denies the allegations contained in Paragraph 41.

42. The United States denies the allegations contained in Paragraph 42.

//

//

//

//

//

//

WHEREFORE, having fully answered the allegations of the complaint, the defendant respectfully prays as follows:

A. For judgment in its favor, denying the relief sought in the complaint and dismissing the claims with prejudice;

B. That the defendant recover its attorneys' fees and costs incurred in defending this civil action; and

C. For such other and further relief as the court may deem to be just and appropriate.

Dated: May 9, 2016

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

CAROLINE D. CIRAOLO
Acting Assistant Attorney General

*/s/ Christopher J. Williamson*
CHRISTOPHER J. WILLIAMSON
Trial Attorney
U.S. Department of Justice, Tax Division
Post Office Box 227
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-2250
Facsimile: (202) 514-6866
christopher.j.williamson@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing THE UNITED STATES' ANSWER TO THE COMPLAINT was filed with the Court's ECF system on May 9, 2016, which system serves electronically all filed documents on the same day of filing to all counsel of record.

*/s/ Christopher J. Williamson*
CHRISTOPHER J. WILLIAMSON
Trial Attorney U.S. Dept. of Justice