IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NINEVEH INVESTMENTS LIMITED,**<br>Plaintiff, | CIVIL ACTION |
| v. | |
| **UNITED STATES OF AMERICA,**<br>Defendant. | NO. 16-1068 |

DuBois, J.                                                                                                      December 4, 2017

**M E M O R A N D U M**

I.     **INTRODUCTION**

In this action for wrongful levy against the United States under 26 U.S.C. § 7426 of the Internal Revenue Code, plaintiff Nineveh Investments Limited moves for this Court to adopt an order by the Bahamian Supreme Court, a trial court, under Federal Rule of Civil Procedure 44.1 or principles of international comity. Because plaintiff has not carried its burden of proving the substance of Bahamian law and because the Bahamian Supreme Court did not have jurisdiction over the United States, plaintiff's Motion for Application of Foreign Law Pursuant to Federal Rule of Civil Procedure 44.1 is denied.

II.     **BACKGROUND**

This lawsuit arises out of tax levies by defendant United States on the claimed assets of terminated third-party defendant Gary Kaplan to satisfy Kaplan's outstanding tax obligations. Kaplan's tax obligations stem from the sale of his shares in BetOnSports, PLC, an overseas gambling operation, in public offerings in 2004 and 2005. Doc. No. 37 at 3. In anticipation of

1

the public offerings, Kaplan settled two trusts based in the Isle of Jersey, to which he transferred his shares in BetOnSports. Doc. No. 38 at 2. During the public offerings, the trusts sold Kaplan's shares in BetOnSports for approximately $97 million, which Kaplan invested in bank accounts in Switzerland and the Isle of Jersey. *Id.* at 3. In 2010, Kaplan settled the Kaplan Family Trust ("KFT") under the laws of the Bahamas as a successor to the two trusts based in the Isle of Jersey. Doc. No. 37 at 4. Plaintiff Nineveh Investments Limited is a Bahamian corporation that serves "as the underlying company for KFT's financial assets." *Id.* In 2014, the United States Tax Court ruled that Kaplan earned taxable income from the 2004 and 2005 sales of his shares in BetOnSports. Doc. No. 38 at 3. Consequently, on February 24, 2016, the Internal Revenue Service ("IRS") placed levies on assets transferred by Kaplan to plaintiff. Doc. No. 37 at 4.

On March 4, 2016, plaintiff Nineveh Investments Limited filed suit in this Court, alleging that the levied assets were not taxable property belonging to Mr. Kaplan, but only to plaintiff and KFT. The Complaint set forth a single count, for wrongful levy, and sought return of the levied assets, with interest and costs. Plaintiff also filed suit in the Bahamian Supreme Court, a trial-level tribunal, against Kaplan for determination of "the rights of the discretionary beneficiaries" of KFT. Doc. No. 37, exh. B ¶ 5. The United States was invited to "participate" in the Bahamian proceedings, but declined to do so. Doc. No. 37 at 3. On July 6, 2017, the Bahamian Supreme Court issued an Order ("July 6, 2017 Order"), ruling that the levied assets "do not form a part of the personal assets of Gary Kaplan." Doc. No. 37, exh. C. Plaintiff now asks this Court to adopt the July 6, 2017 Order.

### III. DISCUSSION

Presently before the Court is plaintiff's Motion for Application of Foreign Law Pursuant to Federal Rule of Civil Procedure 44.1, the United States' Opposition to Nineveh's Motion for

Application of Foreign Law, plaintiff's Reply in Support of Motion for Application of Foreign Law Pursuant to Federal Rule of Civil Procedure 44.1, and the United States' Sur-Reply in Opposition to Nineveh's Motion for Application of Foreign Law. Plaintiff's Motion is ripe for decision.

Plaintiff first asks this Court to adopt the July 6, 2017 Order under Federal Rule of Civil Procedure 44.1. Under Rule 44.1, "[a] party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing." Fed. R. Civ P. 44.1. The party raising an issue of foreign law must "carry both the burden of raising the issue that foreign law may apply in an action, and the burden of adequately proving foreign law to enable the court to apply it in a particular case." *Bel-Ray Co. v. Chemrite Ltd.*, 181 F.3d 435, 440-41 (3d Cir. 1999). "Where parties fail to satisfy either burden the court will ordinarily apply the forum's law," regardless of the law dictated by the applicable choice of law rules. *Id.* "[I]n the absence of sufficient proof to establish with reasonable certainty the substance of the foreign principles of law, the modern view is that the law of the forum should be applied." *Banco de Credito Indus., S.A. v. Tesoreria Gen. de la*, 990 F.2d 827, 836 (5th Cir. 1993); *accord* Restatement (Second) of Conflicts of Laws § 136, cmt. h (1971). In the absence of sufficient proof, Rule 44.1 "provides courts with broad authority to conduct their own independent research to determine foreign law but imposes no duty upon them to do so." *Bel-Ray Co.*, 181 F.3d at 440.

In its Motion, plaintiff argues that this Court should adopt the July 6, 2017 Order because federal tax law "look[s] initially to state law to determine what rights the taxpayer has in the property the Government seeks to reach," and then to federal law to determine the tax consequences of those rights. *Id.* at 7 (quoting *Drye v. U.S.*, 528 U.S. 49, 58 (1999)). It is plaintiff's position that because plaintiff is a Bahamian corporation, Bahamian law is the only "state" law that could determine Kaplan's property rights in the levied assets. *Id.* at 8. Plaintiff

contends that because the July 6, 2017 Order provides that Kaplan has no rights in the levied assets, the IRS cannot levy those assets. Doc. No. 37 at 9.

The United States argues that plaintiff fails to carry its "burden of adequately proving foreign law to enable the court to apply it in a particular case" because plaintiff's arguments "stand solely" on the July 6, 2017 Order, which does not state the "substance" of Bahamian law. Doc No. 38 at 8 (quoting *Bel-Ray Co.*, 181F.3d at 440). Consequently, the United States argues, the law of the forum applies.

The Court agrees with the United States with respect to the application of foreign law. Rule 44.1 provides that "[i]n determining foreign law, the court may consider any relevant material or source, including testimony." Fed. R. Civ. P. 44.1. "Rule 44.1 was intended to provide a uniform and liberal federal procedure for determining foreign law." *Ramirez v. Autobuses Blancos Flecha Roja, S.A. De C.V.*, 486 F.2d 493, 497 n.11 (5th Cir. 1973). The purpose of the Rule is to enable courts to determine the substance of foreign law and apply it as appropriate to the cases before them. Although Rule 44.1 allows this Court to consider the July 6, 2017 Order by the Bahamian Supreme Court, that Order provides no evidence of the substance of Bahamian law. It simply recites that court's findings without quoting or discussing the law it purports to apply. Plaintiff has provided no other evidence of the substance of Bahamian law and consequently has failed to carry its burden of adequately proving foreign law.

Where the parties have failed to prove the substance of foreign law, under Third Circuit precedent, a district court applies the law of the forum. *Ferrostaal, Inc. v. M/V Sea Phx.*, 447 F.3d 212, 218 (3d Cir. 2006) ("Ferrostaal had the burden of establishing Tunisian law and showing that it differs from United States law. It did not carry that burden. Under these circumstances, we assume that Tunisian law is the same as United States law." (internal citations omitted)); *Bel-Ray Co.*, 181 F.3d at 440 ("Ordinarily, [application of foreign law] would require

4

a conflict of laws analysis to determine which state had the weightier interest in having its law apply in resolving the relevant issue. Because of a failure of proof discussed below, however, we will apply the law of the forum."). Thus, this Court will apply Pennsylvania law in this case.

In the alternative, plaintiff argues that this Court should adopt the July 6, 2017 Order under the principles of international comity because the United States was "invited to participate" in the Bahamian proceedings but declined to do so. Doc. No. 37 at 11. In response, the United States contends that the Court should reject the comity argument because the United States has not waived its sovereign immunity for suits in foreign jurisdictions and was not a party to the Bahamian proceedings. Doc. No. 38 at 15-16.

Under the principles of comity, a foreign judgment is entitled to "be held conclusive upon the merits tried in the foreign court" where it "appears to have been rendered by a competent court, having jurisdiction of the cause and of the parties and upon due allegations and proofs, and opportunity to defend against them, and its proceedings are according to the course of a civilized jurisprudence, and are stated in a clear and formal record." *Somportex, Ltd. v. Phila. Chewing Gum Corp.*, 453 F.2d 435, 440 (3d Cir. 1971). A court may deny comity where the foreign judgment "'would be contrary or prejudicial to the interest' of the United States." *Gross v. German Found. Indus. Initiative*, 456 F.3d 363, 393 (3d Cir. 2006) (quoting *Somportex*, 453 F.2d at 440).

The Court agrees with the United States with respect to the issue of comity. Critically, the United States was not subject to the jurisdiction of the Bahamian Supreme Court and was not a party to those proceedings. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212, (1983). That consent "cannot be extended beyond the plain language of the statute authorizing it." *Price v. United States*, 174 U.S. 373, 376 (1899).

5

The United States has not consented to be sued in foreign courts. *See* 28 USCS § 1346(e) (granting "[t]he district courts . . . original jurisdiction of any civil action against the United States" arising from the Internal Revenue Code); *cf. Newman v. Soballe*, 871 F.2d 969, 977 (11th Cir. 1989) ("Under the Gonzalez Act's scheme [indemnifying certain U.S. personnel], the United States is not subjected to the foreign court's jurisdiction and no foreign sovereignty may render a judgment against the United States."). Consequently, the Bahamian Supreme Court did not have jurisdiction over the United States, and the United States was not obligated to "participate" in those proceedings, as a party or otherwise. Adopting the July 6, 2017 Order would subject the United States to a proceeding to which it did not consent.

The parties raise additional arguments including whether it is necessary to resort to state law to determine the scope of Kaplan's property rights in the levied assets; whether KFT was Kaplan's alter ego or "nominee"; whether KFT is, in fact, a revocable trust; and whether the United States may be bound by a "state trial court adjudication." Doc. No. 38 at 8-13; Doc. No. 40 at 5-10. The Court agrees with defendant that those issues are not ripe for decision, Doc. No. 43 at 5 n.1, and concludes that it is not necessary to reach them in deciding the present Motion.

**IV.     CONCLUSION**

This Court declines to adopt the July 6, 2017 Order of the Bahamian Supreme Court either under Federal Rule of Civil Procedure 44.1 or principles of comity. Pennsylvania law will be applied in this case.